UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE NAOMI YAEL BAR-LEV,

Debtor.

NAOMI YAEL BAR-LEV,

Appellant,

v.

UNITES STATES TRUSTEE et al.,

Appellees.

Case No.:  25-CV-577 JLS (JLB)
Bankruptcy No.: 24-04741-JBM13

**ORDER DENYING APPEAL**

Appellant Naomi Yael Bar-Lev ("Appellant" or "Bar-Lev") appeals pro se from the U.S. Bankruptcy Court for the District of Southern California's ("Bankruptcy Court") Order Dismissing Debtor Bar-Lev's ("Debtor" or "Bar-Lev") bankruptcy case for failure to timely file a Certificate of Credit Counseling.  *See* ECF No. 1 ("Notice of Appeal") at 4. Before the Court are Appellant Bar-Lev's Opening Brief ("Bar-Lev Br.," ECF No. 18), Chapter 13 Trustee, Appellee Michael Koch's Response Brief ("Trustee Br.," ECF No. 21), and Appellant Bar-Lev's Reply Brief ("Reply Br.," ECF No. 34).  Having carefully considered the underlying record, the Parties' arguments, and the relevant law, the Court **DENIES** Appellant Bar-Lev's appeal.

1

## BACKGROUND

On December 13, 2024, Appellant Naomi Yael Bar-Lev filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Southern California. Trustee Br. at 3. On her petition, Bar-Lev indicated that she "received a briefing from an approved credit counseling agency within 180 days before [she] filed th[e] bankruptcy petition, but . . . d[id] not have a certificate of completion." *Id.* On December 27, 2024, Bar-Lev filed a Certificate of Credit Counseling, reflecting that credit counseling was conducted on December 26, 2024. Notice of Appeal at 10. Thus, on February 10, 2025, the Bankruptcy Court ordered Bar-Lev "to file a Certificate of Credit Counseling demonstrating that she completed credit counseling prior to filing her case," as "the original Certificate of Credit Counseling . . . was dated after her filing date." *Id.* at 5. The Bankruptcy Court ordered that Bar-Lev do so "by no later than February 21, 2025." *Id.* The Bankruptcy Court also noted that "[f]ailure to comply" with its order "may result in [Bar-Lev's] case being dismissed." *Id.* at 14. Rather than comply with the order, Bar-Lev filed a response which did not "request any additional time to file the Certificate of Credit Counseling" or "request any other relief from the [Bankruptcy] Court." *Id.* at 5, 11–12. The Bankruptcy Court therefore dismissed Bar-Lev's bankruptcy case on February 24, 2025, for "failure to timely file a Certificate of Credit Counseling." *Id.* at 5. On March 11, 2025, Bar-Lev timely filed the instant Appeal to the Bankruptcy Court's order dismissing her case. *See id.* at 1–3.

## ISSUES PRESENTED

Bar-Lev's appeal of the Bankruptcy Court's order dismissing her case presents the following issues:

> 1. Did the Bankruptcy Court err in dismissing appellant Bar-Lev's case for failure to file a Certificate of Credit Counseling reflecting that the credit counseling course was taken within 180 days before the petition date pursuant to 11 U.S.C. § 109(h)(1) and 11 U.S.C. § 521(b)?

> 2. Did the Bankruptcy Court err in dismissing Bar-Lev's

25-CV-577 JLS (JLB)

case for failure to file a Certificate of Credit Counseling reflecting that the credit counseling course was taken within 180 days before the petition date as indicated by Debtor on the initial bankruptcy petition?

3. Did the Bankruptcy Court err in dismissing Bar-Lev's case for failure to file a Certificate of Credit Counseling reflecting that the credit counseling course was taken within 180 days before the petition date when Debtor failed to file a Statement of Exigent Circumstances and Request for Extension of Time to File Certificate of Credit Counseling Pursuant to 11 U.S.C. § 109(h)(3)?

4. Did the Bankruptcy Court err in dismissing Bar-Lev's case when Debtor is not prejudiced from filing a new Chapter 13 bankruptcy petition?

Trustee Br. at 1–2; *see also* Bar-Lev Br. at 2.

**STANDARD OF REVIEW**

An appellant may petition the district court for review of a bankruptcy court's decision. Fed. R. Bankr.P. 8013. A district court reviews a bankruptcy court's legal conclusions de novo and its factual findings for clear error. *In re Mortgs. Ltd.*, 771 F.3d 1211, 1214 (9th Cir. 2014).

**DISCUSSION**

The Court concludes that the Bankruptcy Court did not err in dismissing Bar-Lev's bankruptcy case for failure to file a Certificate of Credit Counseling. 11 U.S.C. § 109(h)(1) and (h)(3) provide that:

> [A]n individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.
>
> . . .

25-CV-577 JLS (JLB)

> Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that—
>
> > (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
> >
> > (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and
> >
> > (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(1), (3). In other words, "[t]o qualify as a bankruptcy debtor, an individual must first participate in a credit counseling session within 180–days before filing a petition," and "[c]ompletion of that counseling is properly documented by filing a [Certificate of Credit Counseling] with the bankruptcy court from the counseling provider." *In re Gibson*, No. BAP CC-10-1399-PAHKI, 2011 WL 7145612, at *3 (B.A.P. 9th Cir. Dec. 1, 2011). If an individual fails to complete the required pre-bankruptcy credit counseling prior to filing a case, the case may be subject to dismissal, unless one of the narrow exceptions under § 109(h) applies. *See id.*

"The majority of courts to address § 109(h) have strictly applied the credit counseling requirement, and have dismissed cases where debtors have not complied." *Id.* (collecting cases). "Most often, these courts relied on the plain language of § 109(h), which includes that 'an individual may not be a debtor under this title unless such individual has' complied with the credit counseling requirement." *Id.* (citation omitted). "[T]he command of § 109(h) is clear, and, unless one of the stated exceptions applies, an individual 'may not be a debtor' unless she has received credit counseling prior to filing her bankruptcy petition." *Id.*

///

25-CV-577 JLS (JLB)

Here, Bar-Lev did not complete credit counseling prior to filing her petition. Upon filing her petition on December 13, 2024, Bar-Lev submitted that "I received a briefing from an approved credit counseling agency within 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion." Trustee Br. at 3. However, several days later, on December 27, 2024, Bar-Lev filed a Certificate of Credit Counseling, reflecting credit counseling conducted on *December 26, 2024*. *Id.* As the date credit counseling was conducted occurred after the filing of the petition, Bar-Lev failed to comply with 11 U.S.C. § 109(h)(1). Although provided an opportunity by the Bankruptcy Court to file evidence that credit counseling was completed pre-petition, Bar-Lev filed a response that failed to "request any additional time to file the Certificate of Credit Counseling" or "request any other relief from the [Bankruptcy] Court." Notice of Appeal at 5. Accordingly, dismissal of Bar-Lev's bankruptcy case was appropriate. *See In re Gibson*, 2011 WL 7145612, at *4.

Should Bar-Lev still seek to pursue a bankruptcy case, the Bankruptcy Court's dismissal of her original petition does not preclude her from filing a new petition. *See* 11 U.S.C. § 349 ("Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; *nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title*." (emphasis added)); 11 U.S.C. § 109(g) ("[N]o individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if . . . the case was dismissed by the court for willful failure of the debtor to abide by orders of the court . . . .").

/ / /

/ / /

/ / /

/ / /

/ / /

5

## CONCLUSION

In light of the foregoing, the Court **DENIES** Appellant Bar-Lev's appeal. As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: March 19, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-577 JLS (JLB)